UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA ELEANOR SANCHEZ,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Defendant. | Case No.17-cv-01713-JD<br><br>**ORDER RE SUMMARY JUDGMENT**<br>Re: Dkt. No. 15 |

Plaintiff Sanchez challenges a decision by a Social Security Administration administrative law judge ("ALJ") that denied her application for disability coverage. The parties filed cross-motions for summary judgment. Dkt. Nos. 15, 16. Defendant's motion is granted and plaintiff's is denied.

The parties' familiarity with the straightforward record in this case is assumed. In pertinent part, Sanchez was 19 years old when she applied for disability on the basis of depression, anxiety and panic disorders, asthma, migraines, morbid obesity, post-traumatic stress from an incident of sexual abuse as a child, and attention-deficit issues. Sanchez had no prior employment history and appears to have been educated largely through homeschooling. She periodically presented to healthcare facilities when experiencing acute episodes of anxiety or depression, and on a few occasions voiced thoughts of suicide. She has not suffered a psychotic break or an extended period of decompensation. Sanchez has seen several healthcare providers and been treated with medications for asthma, depression, anxiety, and other ailments.

As the ALJ recognized, there is no question that Sanchez faces several physical and psychological challenges. AR 15. But the evidence in the record shows that, aside from obesity, these conditions generally have been successfully controlled with treatment and medications. *See,*

*e.g.,* AR 18-20, 457. The record also shows that Sanchez's level of daily functioning is within acceptable parameters, that she is capable of participating in art classes and helping a sister do photography work, and has pursued some college studies. AR 18-19. In light of this largely uncontested evidence, and the testimony of a vocational expert based on the assumption of medical issues supported by the record, the ALJ denied a finding of disability and determined that Sanchez could find work compatible with her conditions, including obesity. AR 18, 22.

Sanchez has not demonstrated any persuasive reason to set aside the ALJ's decision. In our circuit, an ALJ's decision to deny benefits "will only be disturbed if it is not supported by substantial evidence or it is based on legal error" that is not harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation and citation omitted). Sanchez says the ALJ failed to consider her migraines, PTSD, and attention deficits. Dkt. No. 15 at 6-10. But that is an overstatement. The ALJ addressed these issues and made specific findings about them. *See* AR 18-19. For example, the ALJ noted references in the record to PTSD, but concluded that the evidence was "contradictory" and that "the overwhelming focus on treatment has been on major depression, which has largely improved as a result" of treatment. AR 18; *see also* AR 19 ("[T]here is little evidence to support a diagnosis of PTSD."). The ALJ also specifically found that the record showed no diagnostic or neurological evaluations for migraines, or any treatment beyond over-the-counter remedies and occasional marijuana use. AR 15. Because there was no evidence that these migraines would burden Sanchez with "significant functional limitations or restrictions," the ALJ concluded that they were "nonsevere." *Id.* These and other conclusions by the ALJ were well supported by the record, and Sanchez has not shown otherwise or that the ALJ committed a non-harmless error in evaluating the evidence.

Sanchez also says the ALJ did not properly weight the opinions and reports of treating and consultative healthcare providers. Dkt. No. 15 at 10-18. To the contrary, the ALJ spelled out exactly how much weight each opinion was accorded, and the specific reasons why some opinions were afforded greater weight than others. AR 20-21. In each case, the ALJ cited objective reasons for the weight determinations. The ALJ also determined that Sanchez's own testimony was not "fully credible" due to conflicts between her claimed degree of disability and the

undisputed facts of art-class participation, photography work, and functional daily living. AR 21.

Those are Sanchez's main grounds for challenging the decision, and they do not carry the day. Her suggestion that the vocational expert testified on the basis of an incomplete hypothetical essentially repeats her overall challenges to the sufficiency of the evidence and the ALJ's credibility determinations, and is not well taken for that reason. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Consequently, Sanchez's motion is denied and summary judgment is granted for defendant. Each side will bear its own costs and attorney's fees.

**IT IS SO ORDERED.**

Dated: July 10, 2018

JAMES DONATO
United States District Judge